UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT W. ROBAR and<br>JOAN A. ROBAR,<br>      Plaintiffs,<br><br>v.<br><br>OCWEN FEDERAL BANK, FSB and<br>OCWEN FINANCIAL CORPORATION,<br>      Defendants. | Case No. 05-30127-KPN |

## OPPOSITION TO MOTION TO COMPEL

NOW COME defendants Ocwen Loan Servicing, LLC, successor-in-interest to Ocwen Federal Bank, FSB and Ocwen Financial Corporation (together, the "Defendants") to oppose the *Motion Under FRCP 37 to Compell (sic) Disclosure* (the "Motion"), filed by plaintiffs Robert W. Robar and Joan A. Robar (together, the "Plaintiffs"). In support of their opposition, the Defendants state as follows:

### FACTS

1.   Plaintiffs filed their complaint on or about May 31, 2005, commencing the above-captioned action.

2.   By agreement, Defendants filed their answer on or about November 22, 2005.

3.   At the initial scheduling conference on February 22, 2006, the Court established March 24, 2006 as the deadline for the parties to complete their initial disclosures, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

4. On March 24, 2006, the Defendants made their initial disclosures to the Plaintiffs. The Plaintiffs, meanwhile, did not make their initial disclosures until March 27, 2006.

5. On or about June 4, 2006, the Plaintiffs filed the Motion.

6. On or about June 19, 2006, the Defendants filed this opposition; also, the Defendants voluntarily produced to the Plaintiffs all the relevant, non-privileged documents identified in the Defendants' initial disclosures under Rule 26(a).

## STATEMENT OF REASONS

7. The Defendants have complied with Rule 26(a)(1) while the Plaintiffs have failed to comply with Rule 37 of the Federal Rules of Civil Procedure. For these reasons, this Court should deny the Motion.

**A.**     **The Defendants Have Complied with the Rule of Initial Disclosures**

8. The Plaintiffs allegation that the Defendants have failed to comply with Rule 26(a)(1)(B)[1] fails as a matter of fact and law. As this Court is aware, the rule states in relevant part as follows:

> [A] party must, without awaiting a discovery request, provide to other parties ... (B) a copy of, *or* a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

---

[1] In their Motion – which does not contain numbered paragraphs, as required by Rule 10(b) and Rule 7(b)(2) of the Federal Rules of Civil Procedure -- the Plaintiffs allege that the Defendants have failed "to provide the information required under Rule 26(a)(B)." *Motion*, ¶ 1. For the purpose of this opposition, the Defendants believe that the Plaintiffs are actually referring to Rule 26(a)(1)(B).

2

*See Fed. R. Civ. P. 26(a)(1)(B)* (emphasis added). In this case, the Defendants provided the Plaintiffs with a description by category and location of all the relevant documents. Therefore, the Defendants have complied with their obligations under Rule 26(a)(1).

9. The Plaintiffs have incorrectly seized upon the Defendants' statement that the Defendants would voluntarily produce copies of the relevant documents as evidence that the Defendants have not complied with Rule 26(a)(1). Under Rule 26(a)(1), a party may either provide to the other parties a copy of all the relevant documents, data compilations and other tangible things or a party may provide a description by category and location. *Fed. R. Civ. P. 26(a)(1)(B)*. In this instance, the Defendants provided a description by category and location and, as a result, have complied with Rule 26(a)(1)(B). The fact that the Defendants stated they would produce the documents at an unspecified future date does not invalidate the Defendants' compliance with Rule 26(a)(1)(B). Further, rather than rushing into court with a motion to compel, the Plaintiffs have two very practical remedies available to them that do not require court involvement: the Plaintiffs can consult as required under the local rules or the Plaintiffs can serve the Defendants with a request for production of documents. To date, Plaintiffs' counsel did not consult and the Plaintiffs have served no discovery requests on the Defendants. For these reasons, the Defendants have complied with Rule 26(a)(1)(B) and the Plaintiffs' motion fails as a matter of law.

B.      **Plaintiffs Have Failed to Comply with the Rule for Motions to Compel**

10. The Plaintiffs have failed to comply with the requirements for filing a motion to compel. First, as stated above, the Defendants have made the disclosures that

3

Rule 26(a) requires. *Paragraphs 1-9, supra.* Second, under the Local Rules, there are two necessary predicates for filing a motion to compel: (1) counsel seeking to compel disclosure must request a discovery conference with opposing counsel and (2) opposing counsel must fail to respond within seven (7) days of the request. *Rule 37.1(A)-(B), LR, D.Mass (2006).* In this instance, Plaintiffs' counsel has not only failed to comply with the Local Rules but Plaintiffs' counsel has also misrepresented the truth in his "Certification of Good Faith Attempt to Confer with Counsel," as attached to the Motion.

    a. Plaintiffs' counsel alleges that he "called the office of Defendants' counsel two or three times a week for the past five weeks." *See Motion,* ¶ 2. However, Plaintiffs' counsel does not allege that he left any voicemail messages except for two – one not related to production of documents and one without any explanation for filing a motion to compel.

    b. Regarding the two voicemail messages, Plaintiffs' counsel alleges that he left "detailed" messages on "two separate recent occasions." *See id.* However, the first message Plaintiffs' counsel left – on or about May 11, 2006 – stated that the Internal Revenue Service was "coming after" the Plaintiffs; Plaintiffs' counsel did not make any reference to documents he thought were due him. The second message Plaintiffs' counsel left – on or about May 30, 2006 – threatened that Plaintiffs' counsel would serve a motion to compel if counsel did not receive documents from the Defendants. Defendants' counsel responded to this voicemail by letter, dated May 31, 2006, asking Plaintiffs' counsel to call Defendants' counsel. *See Letter to Lawrence Ehrhard,* attached as **Exhibit A**. Plaintiffs' counsel never called back but, rather, four days after Defendants' counsel sent his reply, Plaintiffs' counsel filed the Motion. Defendants' counsel responded well within the seven-day period required by Local Rule 37.1 and, therefore, the Motion is untimely.

For these reasons, the Court should deny Plaintiffs' motion as a matter of law.

4

C.        **Defendants Have Produced Relevant Documents**

11.    Despite the fact that the Defendants have complied with Rule 26(a) and despite the fact that the Plaintiffs' motion is without merit, the Defendants – concurrent with the filing of this opposition – have mailed to the Plaintiffs all relevant, non-privileged documents that meet the criteria of Rule 26(a).

WHEREFORE, defendants Ocwen Loan Servicing, LLC, successor-in-interest to Ocwen Federal Bank, FSB and Ocwen Financial Corporation respectfully request this Court deny the Plaintiffs' *Motion under FRCP 37 to Compell (sic) Disclosure*.

                          Respectfully submitted,

                          OCWEN LOAN SERVICING, LLC,
                          SUCCESSOR-IN-INTEREST TO OCWEN
                          FEDERAL BANK, FSB AND OCWEN
                          FINANCIAL CORPORATION,

                          By their attorneys,

                          MICHIENZIE & SAWIN, LLC,

                          */s/ RC Demerle*
                          Richard C. Demerle (BBO#652242)
                          Paul Michienzie (BBO#548701)
                          745 Boylston Street
                          Boston, MA 02116-2636
                          (617) 227-5660

DATE: June 19, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on June 19, 2006.

*/s/ R. Demerle*
Richard C. Demerle

# Exhibit A

# Exhibit A



Richard C. Demerle

735 Boylston Street
Boston, Massachusetts
02116-2636

Telephone
617 227-5660

Facsimile
617 227-5882

Email
rd@masatlaw.com

May 31, 2006

Lawrence R. Ehrhard, Esq.
71 Academy Drive
Longmeadow, MA 07024

    Re:    Robar, et al. v. Ocwen Financial Corporation, et al.
            U.S. District Court for District of Massachusetts,
            Case No. 05-30127-KPN

Attorney Ehrhard:

    This letter is in response to your voicemail of May 30, 2006 regarding the above-referenced action.

    First, I am not aware that you have "called several times" to discuss this case with me for the simple reason that I have only received two voicemails from you in the last two months – one in which you alleged that the Internal Revenue Service is pursuing your clients and the other in which you repeat that allegation and then threaten to file a motion to compel against my clients. If you wish to discuss this case and I am not available to take your call, please leave a message and let me know what you would like to discuss.

    Second, you did not tell me why you would file a motion to compel. We have exchanged our initial disclosures and, to my knowledge, we have provided you with all the information to which you are entitled under the rules. As you mentioned in your voicemail, the deadline for discovery is August 31, 2006 and you are certainly allowed to conduct discovery, if you feel that is in your client's best interests.

    I will be in the office on Friday, June 2, 2006, if you wish to call and discuss this case further.

    With kindest regards.

                                                    Yours truly,

                                                    Richard C. Demerle

RCD/pcb

cc:    Paul Michienzie, Esq.